
FILED
MAY 08 2017

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES WREY KANE,<br><br>        Plaintiff,<br><br>vs.<br><br>TIM REISCH,<br>MELINDA JOHNSON,<br>DOUGLAS WEBER,<br>ROBERT DOOLEY,<br>SOUTH DAKOTA DEPARTMENT OF CORRECTIONS, AND<br>UNKNOWN CENTRAL RECORDS SUPERVISORS AND FILING CLERK(S),<br><br>        Defendants. | 4:17-CV-04007-RAL<br><br><br><br>ORDER DENYING MOTION<br>FOR RECONSIDERATION |

    Plaintiff, James Wrey Kane ("Kane"), filed this lawsuit pursuant to 42 U.S.C. § 1983. Doc. 1. This Court dismissed his complaint without prejudice to refiling, finding it barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Doc. 7. Kane now moves this Court to reconsider the dismissal. Doc. 9.

    Kane argues that his complaint is not *Heck*-barred because of the holding in *Rowley v. S. Dakota Bd. of Pardons & Paroles*, 826 N.W.2d 360 (S.D. 2013). There, an inmate, Rowley, challenged his initial parole date. *Id.* After the Department of Corrections calculated his parole date, Rowley "applied to the [Board of Pardons and Paroles] for a final determination of his true and correct

parole eligibility date pursuant to SDCL 24–15A–33." *Id.* at 363. The parole board affirmed; Rowley appealed to the state circuit court and then to the South Dakota Supreme Court. *Id.* The South Dakota Supreme Court reversed the affirmation of the parole board's calculation of Rowley's initial parole date. *Id.* at 362.

However, Kane has not had his sentence reversed.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486–87. Kane "seeks compensation for the illegally imposed 18 months [that] he spent in prison[,]" Doc. 9, but has not had his sentence vacated or reversed.

Kane also supplied this Court with a letter from the South Dakota Department of Corrections explaining the calculation of his release date. Doc. 10-1. Kane argues that this shows that his sentence was vacated or reversed as required by *Heck* in order for a plaintiff to bring suit under § 1983 for illegal imprisonment. Doc. 10. In fact, the letter states that after *Rowley* the DOC reviewed all offenders affected by the ruling and found that, because Kane's initial parole date was before *Rowley*, his initial parole date calculation was unaffected by the ruling and subsequent parole hearings were discretionary

2

and unaffected by the original calculation. Doc. 10-1. Therefore, Kane's sentence has not been vacated or reversed, and his argument is without merit.

Accordingly, it is ORDERED that Kane's motion for reconsideration (Doc. 9) is denied.

Dated May 8, 2017.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE